UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:13-CR-169 |
| § | |
| OMAR DANILO HERNANDEZ- § | |
| GONZALEZ § | |

## ORDER TO REALIGN PARTIES AND FOR COMPLIANCE WITH PLRA

Pending before the Court is Defendant Omar Hernandez-Gonzalez' Motion for Return of Personal Property (D.E. 47), to which the United States of America (the "Government") has responded (D.E. 51).

## I. PARTIES' CONTENTIONS

Defendant seeks the return of a leather business card holder and two Samsung cellular telephones that he claims were confiscated from him by the United States Marshalls Service when he was arrested. He further complains that his Cuban passport, which he was ordered to present at his bond hearing, was never returned to him. He requests that these items be sent to a Mr. Juan Lopes in Sebring, Florida.

The Government states that Defendant's passport is with his original alien file at the National Records Center in Lee's Summit, Missouri. The passport has been ordered by an agent with the Homeland Security Investigations field office in Corpus Christi and will be mailed to Mr. Lopes upon receipt.

The Government further states that two Samsung mobile phones and some paper items in Defendant's possession at the time of his arrest were later declared abandoned

and destroyed in accordance with agency policy. The Government has presented evidence that Defendant signed a Notice of Abandonment on January 23, 2013, abandoning all claims to the phones and papers and waiving any further rights with respect to these items. D.E. 51-1, 51-2. An Order to Destroy confirms that the phones and papers were destroyed "by hammer or scissor" on January 6, 2014. D.E. 51-3.

Finally, the Government states that there is no record of any business card holder having been with Defendant's property when he was arrested.

## II. ANALYSIS

Rule 41(g) of the Federal Rules of Criminal Procedure permits a person aggrieved by the deprivation of property to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Because Defendant's motion is properly construed as a civil action, he must comply with the Prison Litigation Reform Act (PLRA) and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997). Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. *See Id.*

## III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

(1) The Clerk shall sever Defendant's motion for return of property and transfer the motion and this Order to a civil case file, assigning a civil cause number to the

proceedings. The parties shall be realigned, because Defendant is the true plaintiff in this suit against the Government. ***ALL FUTURE PLEADINGS RELATED TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY SHALL BE FILED IN THE CIVIL CASE ONLY.***

(2) If Defendant still wishes to pursue this matter after having read the Government's response, then, within 30 days of the entry of this Order, he shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the current account balance as well as the deposits and average balance for the six months preceding the filing of his motion. 28 U.S.C. § 1915. The Clerk shall mail Defendant the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. FED. R. CIV. P. 41.

ORDERED this 9th day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE